*40*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

| | |
|---|---|
| **D-1** | **ALAN M. RALSKY,** |
| **D-2** | **SCOTT K. BRADLEY,** |
| **D-3** | **JUDY M. DEVENOW,** |
| **D-4** | **JOHN S. BOWN,** |
| **D-5** | **WILLIAM C. NEIL,** |
| **D-6** | **ANKI K. NEIL,** |
| **D-7** | **JAMES E. BRAGG,** |
| **D-8** | **JAMES E. FITE,** |
| **D-9** | **PETER SEVERA,** |
| **D-10** | **HOW WAI JOHN HUI, and** |
| **D-11** | **FRANCIS A. ("FRANKIE") TRIBBLE,** |

Defendants.

_____/

Case: 2:07-cr-20627
Judge: Battani, Marianne O
Referral MJ: Whalen, R. Steven
Filed: 12-14-2007 At 10:04 AM
INDI USA V. SEALED MATTER (DA)

**VIOLATIONS:**

18 U.S.C. § 371
18 U.S.C. § 1030
18 U.S.C. §§ 1037(a)(1)-(4)
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1001
18 U.S.C. § 1957
18 U.S.C. § 1956(h)
**FORFEITURE SECTIONS**

# *I N D I C T M E N T*

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### *Relevant Terms*

1.      In 2003 Congress passed the CAN-SPAM (Controlling the Assault of Non-Solicited Pornography and Marketing) Act, making fraud in connection with electronic mail (hereafter "e-mail") a federal crime.  The Act became effective January 1, 2004.

2.     "Spam" is a commonly used term for unsolicited bulk commercial e-mail. Certain kinds of fraudulent techniques can be used by "spammers" to misrepresent and disguise their identity, location, or the nature of their message in order to defeat spam filtering programs and other spam blocking techniques employed by Internet service providers and e-mail users, get into e-mail user accounts, and trick recipients into opening and acting on spam e-mails.  For example, the origin of a spam e-mail can be disguised by inserting false "header information" (which includes addressing information such as the *"from," "reply-to,"* or *"subject"* lines), or by routing the e-mail through another computer that cannot be traced to the spammer, or by using false information to register a domain name used to send the spam.

3.     Under 18 U.S.C. § 1037, it is unlawful for a person to send "multiple commercial electronic mail messages" if such a person (1) accesses a protected computer without authorization to send such e-mail messages; (2) sends them through a protected computer to relay or retransmit them with the intent to hide their origin; (3) materially falsifies the header information in the messages, or (4) uses materially false registration information for two or more domain names that are used to send the messages.

4.     "Multiple commercial electronic mail messages" means:  more than 100 electronic mail messages during a 24-hour period, more than 1,000 electronic mail messages during a 30-day period, or more than 10,000 electronic mail messages during a 1-year period. For purposes of this Indictment, multiple commercial electronic mail messages sent in violation of 18 U.S.C. § 1037 will be referred to as "unlawful spam e-mail" or "spam e-mail."

5.     An e-mail's header information or a domain's registration information is "materially false" under 18 U.S.C. § 1037 if it is altered or concealed in a manner that would

2

impair the ability of a recipient of the message, an Internet access service processing the message on behalf of a recipient, a person alleging a violation of the CAN-SPAM Act, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation.

6.      An "IP address" or "Internet Protocol address" is a unique number assigned to a specific computer that is connected to the Internet or another network.  It is a set of four numbers, each between 0-255, separated by dots, such as 37.2.99.123.  Normally, an IP address can be associated with a particular computer or set of computers connected to the Internet.

7.      A "proxy computer" or "open proxy computer," is a computer that will accept incoming connections from any computer and then make outgoing connections to other computers.  Proxy computers can be used by spammers to camouflage the originating IP address of a spammer's e-mail communication, because the real IP address of the spammer will be replaced in the header with the IP address of the proxy computer, making it difficult for recipients, Internet providers, or law enforcement to trace the spam e-mail back to its original source.  Spammers often send their spam e-mails through proxy computers to hide their identity, avoid being detected, and evade anti-spam filters and other spam blocking techniques.

8.      A "botnet" (derived from "robot network") is a network of computers infected with malicious software that allows a third party to control the entire computer network without the knowledge or consent of the computer owners.  Each of the infected computers is referred to as a "bot."  A botnet can be used by spammers to send spam through the network of infected bot computers, using each of the infected computers to transmit the spam e-mail, in order to hide the

true origin of the spam, help the spammer to remain anonymous, and evade anti-spam filters and other spam blocking techniques.

### *Introduction*

9.     From on or about January 1, 2004, through September 2005, and continuing thereafter to on or about September 2007, in the Eastern District of Michigan and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JUDY M. DEVENOW, JOHN S. BOWN, WILLIAM C. NEIL, ANKI K. NEIL, JAMES E. BRAGG, JAMES E. FITE, PETER SEVERA, HOW WAI JOHN HUI, and FRANCIS A. ("FRANKIE") TRIBBLE, and other persons both known and unknown to the Grand Jury, were engaged in an unlawful spam e-mail operation that was conducted through the commission of several federal criminal offenses, including, Conspiracy, in violation of 18 U.S.C. § 371, Fraud in Connection with Electronic Mail, in violation of 18 U.S.C. § 1037, Computer Fraud, in violation of 18 U.S.C. § 1030, Mail Fraud, in violation of 18 U.S.C. § 1341, Wire Fraud, in violation of 18 U.S.C. § 1343, and Money Laundering, in violation of 18 U.S.C. §§ 1957 and 1956(h).

10.     The defendants employed several fraudulent means to accomplish the common goals of sending out as much unlawful spam e-mail as possible in order to make as much money as possible, either through marketing products and services or through causing spam recipients to buy certain shares of stock, which would cause the price of the stock to increase, and allow the defendants and their cohorts to sell the stock at an inflated price, resulting in millions of dollars of proceeds to the defendants. The fraudulent means included: registering domain names with false information to avoid detection; inserting false e-mail headers to hide their true identity; using "proxy computers" to disguise the source of the spam e-mail; e-mailing stock

advertisements that contained false and misleading information; and attempting to set-up a bot network to send unlawful spam e-mail.  In furtherance of this scheme, defendants caused millions of unlawful spam e-mails to be sent and earned millions of dollars from selling stock at inflated prices.

*Roles in the Conspiracy*

11.    ALAN M. RALSKY, defendant herein, (hereafter "RALSKY"), served as the chief executive officer and overall leader for the unlawful spam e-mail operation.

12.    SCOTT K. BRADLEY, defendant herein, (hereafter "BRADLEY"), served as the chief financial officer and director of operations for the unlawful spam e-mail operation.

13.    JUDY M. DEVENOW, defendant herein, (hereafter "DEVENOW"), served as a manager for the unlawful spam e-mail operation and also sent spam e-mail for the operation.

14.    JOHN S. BOWN, defendant herein, (hereafter "BOWN"), served as the chief technology officer and network systems manager for the unlawful spam e-mail operation. BOWN was also the chief executive officer of GDC Layer One, a company that provided network administration services and software development for the unlawful spam e-mail operation.

15.    WILLIAM C. NEIL, defendant herein, (hereafter "W. NEIL"), was the chief operating officer for GDC Layer One and registered Internet domain names for the unlawful spam e-mail operation.

16.    ANKI  K. NEIL, defendant herein, (hereafter "A. NEIL"), was the spouse of W. NEIL and registered Internet domain names for the unlawful spam e-mail operation.

17.     JAMES E. BRAGG, defendant herein, (hereafter "BRAGG"), caused e-mail to be sent for the unlawful spam e-mail operation, at the direction of RALSKY, BRADLEY, and DEVENOW.

18.     JAMES E. FITE, defendant herein, (hereafter "FITE"), caused e-mail to be sent for the unlawful spam e-mail operation, at the direction of RALSKY and BRADLEY.

19.     HOW WAI JOHN HUI, defendant herein, (hereafter "HUI"), the Chief Executive Officer of China World Trade Corporation, arranged with TRIBBLE, RALSKY, and BRADLEY for large blocks of Chinese company stock to be deposited for trading with the brokerage firm of Gilford Securities so that they could be sold during the spam campaigns. HUI contracted with TRIBBLE to have these stocks spammed, and he also caused payments consisting of a portion of the proceeds of the sale of those stocks to be transmitted to bank accounts controlled by defendant BRADLEY for spamming services. The stocks HUI arranged to be promoted through the spamming campaigns included China World Trade Corporation (CWTD), China Digital Media Corporation (CDGT), Pingchuan Pharmaceutical, Inc. (PGCN), and World Wide Biotech and Pharmaceutical Company (WWBP), among others. HOW WAI JOHN HUI is believed to be in Hong Kong, China or British Columbia, Canada.

20.     PETER SEVERA, defendant herein, (hereafter "SEVERA"), sent e-mail for the unlawful spam e-mail operation, at the direction of RALSKY and BRADLEY. SEVERA is believed to be in Russia.

21.     FRANCIS A. ("FRANKIE") TRIBBLE, defendant herein, (hereafter "TRIBBLE"), arranged to promote the Chinese company stocks with defendant HUI, using the

6

spamming services of defendants RALSKY and BRADLEY and also arranged for the deposit of the Chinese company stocks with the brokerage firm of Gilford Securities.

22.    "MAILER 1," an unindicted co-conspirator residing in Dayton, Ohio, sent e-mail for the unlawful spam e-mail operation, at the direction of RALSKY and BRADLEY.

23.    "MAILER 2," an unindicted co-conspirator residing in Seattle, Washington, sent e-mail for the unlawful spam e-mail operation, at the direction of RALSKY and BRADLEY.

24.    "NETWORK ADMINISTRATOR 1," an unindicted co-conspirator residing in Flint, Michigan, helped RALSKY, DEVENOW, BOWN, BRADLEY, and other persons known and unknown to the Grand Jury, set up and operate computer networks within the Eastern District of Michigan and elsewhere, and use those computer networks to transmit unlawful spam e-mail.

25.    "NETWORK ADMINISTRATOR 2," an unindicted co-conspirator residing in Brazil, assisted RALSKY, BOWN, and BRADLEY in spamming and also agreed to assist them, and other persons known and unknown to the Grand Jury, to set up and operate computers to manage a "botnet" in order to send unlawful spam e-mail.

26.    "STOCK BROKER 1," an individual residing in New York, New York, helped RALSKY, BOWN, TRIBBLE, HUI, and other persons known and unknown to the Grand Jury, establish brokerage accounts, transfer stock, execute trades, and transfer funds from those trades, and communicated with them about the trading and proceeds for the stocks that members of the conspiracy promoted through unlawful spam e-mails.

27.     RALSKY, BRADLEY, DEVENOW, and BOWN were responsible for organizing, leading, managing, and supervising the unlawful spam e-mail operation, which involved five or more participants in the Eastern District of Michigan and elsewhere.

## COUNT 1
### (18 U.S.C. §§ 371, 1037(a)(3)-(a)(4), (b)(2)(B) and (C) – CONSPIRACY: FRAUD IN CONNECTION WITH ELECTRONIC MAIL)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-3     JUDY M. DEVENOW
D-4     JOHN S. BOWN
D-5     WILLIAM C. NEIL
D-6     ANKI K. NEIL

28.     The General Allegations set forth in paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

29.     Beginning on or about January 1, 2004, and continuing through at least as late as September 1, 2005, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JUDY M. DEVENOW, JOHN S. BOWN, WILLIAM C. NEIL, ANKI K. NEIL, and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, and agree with one another to:

        a.      Knowingly materially falsify header information in multiple commercial electronic mail messages and intentionally initiate the transmission of such messages, in violation of Title 18, United States Code, Section 1037(a)(3), 1037(b)(2)(C); and

        b.      Knowingly register, using information that materially falsifies the identity of the actual registrant, for two or more domain names, and intentionally initiate the transmission

8

of multiple commercial electronic mail messages from any combination of these domain names, in violation of Title 18, United States Code, Section 1037(a)(4), 1037(b)(2)(B) and (C).

## OBJECT OF THE CONSPIRACY

30.     The object of the unlawful spam e-mail conspiracy was personal financial gain to the co-conspirators, who received money and other things of value as a result of their illegal activities when the recipients of the unlawful spam e-mails, sent in furtherance of the conspiracy, responded to various commercial offers or advertisements contained in, and promoted by, the e-mails.

## MANNER AND MEANS OF THE CONSPIRACY

31.     The conspirators accomplished the objects of the conspiracy through several manners and means, including but not limited to the following:

a.     Creating and operating computer networks, in the Eastern District of Michigan and elsewhere, for transmitting unlawful spam e-mail;

b.     Communicating with each other via e-mail, instant messaging, and Internet relay chat in order to manage the unlawful spam e-mail operation;

c.     Sending unlawful spam e-mail and paying others to do so;

d.     Paying and directing others to perform network administration services and programming for computer systems used to send unlawful spam e-mail;

e.     Obtaining and using software capable of materially falsifying e-mail header information, and employing such software to send unlawful spam e-mail;

f.     Arranging for the creation of advertising content to be used in the unlawful spam e-mail messages;

9

g.    Registering numerous domain names using materially false information and sending unlawful spam e-mail from such falsely registered domains.

## OVERT ACTS

32.    In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, one or more of the defendants committed various overt acts, within the Eastern District of Michigan and elsewhere, including but not limited to the following:

### *Spamming With Materially False Domain Registrations*

33.    Beginning in or about May 2005 and continuing until in or about September 2005, defendants RALSKY, BRADLEY, DEVENOW, BOWN, W. NEIL, and A. NEIL caused several hundred domain names to be registered with information that materially falsified the identity of the actual registrant.

34.    The defendants sent unlawful spam e-mail from ten or more domains registered with such materially false information, as set out in Counts 2 through 4, which are alleged as overt acts in furtherance of this conspiracy.

### *Spamming with Materially False E-mail Headers*

35.    In or about June 2004, defendants RALSKY, DEVENOW, and BRADLEY directed NETWORK ADMINISTRATOR 1 to set up a facility that would allow the defendants to send a high volume of unlawful spam e-mail using various bulk e-mail software programs.

36.    RALSKY, BRADLEY, BOWN, and DEVENOW utilized, and knowingly directed other mailers who utilized certain types of bulk e-mail software that inserted false and fraudulent e-mail addresses into the unlawful spam e-mail and thereby materially falsified the e-mail header information.

10

37.     In using the bulk e-mail software program to transmit unlawful spam e-mails, defendant DEVENOW typically used common names as aliases to appear in the "from" line in the "headers" of the e-mails that were sent in furtherance of the conspiracy.

38.     From on or about June 1, 2004, through on or about August 31, 2004, and also from on or about May 1, 2005, through on or about July 31, 2005, acting on behalf of, and in conjunction with, the defendants, NETWORK ADMINISTRATOR 1 utilized the spamming software to send millions of spam e-mails each day.

39.     The offenses charged in Counts 2 through 4 and 7 were within the scope of the conspiracy and were committed by the conspirators in furtherance of the conspiracy, as each conspirator could reasonably foresee.  These offenses are alleged and incorporated into this count as overt acts.

40.     All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 4
### (18 U.S.C. §§ 1037(a)(4), 1037(b)(2)(B) and (C), and 2 – FRAUD AND RELATED ACTIVITY IN CONNECTION WITH ELECTRONIC MAIL; AIDING AND ABETTING)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-3     JUDY M. DEVENOW
D-4     JOHN S. BOWN
D-5     WILLIAM C. NEIL
D-6     ANKI K. NEIL

41.     The General Allegations and paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

42.     On or about the dates listed below, within the Eastern District of Michigan and elsewhere, the named defendant(s), while aiding and abetting each other in the same, did, in and

11

affecting interstate and foreign commerce, knowingly register, using information that materially falsified the identity of the actual registrant, two or more domain names and did intentionally initiate the transmission of multiple commercial electronic mail messages from a combination of those domain names.

43.     Each of the counts listed below involved 10 or more falsified domain name registrations and the transmission, during a 24-hour period, of more than 2,500 electronic mail messages in furtherance of the offense.

| Count | Defendant(s) | Date(s) | Domains | Volume of Electronic Mail Transmitted |
|---|---|---|---|---|
| 2 | RALSKY (D-1) BRADLEY (D-2) DEVENOW (D-3) BOWN (D-4) W. NEIL (D-5) A. NEIL (D-6) | 5/23/2005 through 5/25/2005 | weyhityu.com, petsne.com, letyouseeme.com, leidoerti.com, kertyimpo.com, serthyouto.com, himtosee.com, marscoban.com, pertletno.com, siekei.com | 5/23/2005 = 2,851 5/24/2005 = 1,613 5/25/2005 = 3,461  Total = 7,925 |
| 3 | RALSKY (D-1) BRADLEY (D-2) DEVENOW (D-3) BOWN (D-4) W. NEIL (D-5) A. NEIL (D-6) | 5/25/2005 through 5/27/2005 | batrovsi.com, hideiy.com, frostonme.com, pertindo.com, garoleben.com, soeperty.com, ketomoteter.com, mastomety.com, estobenca.com, darobenta.com | 5/25/2005 = 1,314 5/26/2005 = 5,984 5/27/2005 = 2,316  Total = 9,614 |

| 4 | RALSKY (D-1) BRADLEY (D-2 DEVENOW (D-3) BOWN (D-4) W. NEIL (D-5) A. NEIL (D-6) | 5/28/2005 through 7/23/2005 | farmokombe.com, pertletyou.com, amostade.com, vercane.com, wescombilia.com, wudkneit.com, lernalotto.com, nomargene.com, carpomoza.com, clemontuz.com, farbemove.com, lestormun.com, alunpoke.com, ezstockwatch.com, keepsea.info | 5/28/2005 = 3,472 5/29/2005 = 1,514 5/31/2005 = 677 6/17/2005 = 115 6/25/2005 = 113 7/6/2005 = 104 7/23/2005 = 153 Total = 6,148 |
|---|---|---|---|---|

44. All in violation of Title 18, United States Code, Section 1037(a)(4), (b)(2)(B), (b)(2)(C), and Title 18, United States Code, Section 2.

**COUNT 5**
**(18 U.S.C. §§ 371, 1037(a)(2)-(a)(3), 1037(b)(2)(C), 1341, 1343–**
**CONSPIRACY: FRAUD IN CONNECTION WITH ELECTRONIC MAIL,**
**MAIL FRAUD, WIRE FRAUD)**

D-1  ALAN M. RALSKY
D-2  SCOTT K. BRADLEY
D-3  JUDY M. DEVENOW
D-4  JOHN S. BOWN
D-5  WILLIAM C. NEIL
D-7  JAMES E. BRAGG
D-8  JAMES E. FITE
D-9  PETER SEVERA
D-10  HOW WAI JOHN HUI
D-11  FRANCIS A. ("FRANKIE") TRIBBLE

45. The General Allegations and paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

46.    Beginning on or about January 1, 2004, and continuing until at least September 1, 2005, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JUDY M. DEVENOW, JOHN S. BOWN, WILLIAM C. NEIL, JAMES E. BRAGG, JAMES E. FITE, PETER SEVERA, HOW WAI JOHN HUI, FRANCIS A. ("FRANKIE") TRIBBLE, and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, and agree with one another to:

a.    Knowingly use a protected computer to relay or retransmit multiple commercial electronic mail messages, with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, in violation of Title 18, United States Code, Section 1037(a)(2), 1037(b)(2)(C);

b.    Knowingly materially falsify header information in multiple commercial electronic mail messages and intentionally initiate the transmission of such messages, in violation of Title 18, United States Code, Section 1037(a)(3), 1037(b)(2)(C);

c.    Having devised and intending to devise any scheme or artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, cause to be delivered by the U.S. mail or by private or commercial interstate courier matters or items for the purpose of executing such scheme or artifice, in violation of 18 United States Code, Section 1341;

d.    Having devised and intending to devise any scheme or artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmit and cause to be transmitted by means of wire

14

communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice, in violation of 18 United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

47.     The object of the unlawful spam e-mail conspiracy was personal financial gain to the co-conspirators, who received money and other things of value as a result of their illegal activities, by receiving payments and proceeds from the sale of stocks whose prices were inflated as a result of being advertised and promoted through false and fraudulent pretenses, promises and representations.

## MANNER AND MEANS OF THE CONSPIRACY

48.     The conspirators accomplished the objects of the conspiracy through several manners and means, including but not limited to the following:

a.     Committing the acts alleged in paragraphs 31(a) through 31(f) of Count 1, which are realleged herein;

b.     Paying for and obtaining lists of "proxy computers" or "proxies" to relay or retransmit multiple commercial e-mail messages in order to deceive or mislead recipients, or any Internet access service, as to the origin of the spam;

c.     Selling, causing others to sell, and receiving profits from the sales of, stock that had been advertised by the unlawful spam e-mail;

d.     Causing items and matters to be delivered by U.S. Mail or by private or commercial courier in relation to the sale of stock promoted through unlawful spam e-mail;

15

e.      Causing the transmission of wire communications in interstate and foreign commerce in relation to the sale of stock promoted through unlawful spam e-mails.

## OVERT ACTS

49.     In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, one or more of the defendants committed various overt acts, within the Eastern District of Michigan and elsewhere, including but not limited to the following:

### *Relaying or Retransmitting Spam from Protected Computers*

50.     In or about January 2004 defendant RALSKY communicated with MAILER 1 about using MAILER 1 and his business partner, MAILER 2, to send millions of spam e-mail messages per day using "proxy" computers, which they referred to as "p's," "peas," and "p s."

51.     From on or about June 1, 2005, through on or about August 1, 2005, defendants RALSKY and BRADLEY directed and paid MAILER 1 and MAILER 2 to conduct several unlawful spam e-mail campaigns using proxy computers to send the spam.  The unlawful spam e-mail campaigns advertised a number of stocks, including those having the ticker symbols of CHMS, ITEC, CYAD, HMNS, EDEX, and MXPR.

52.     From on or about June 1, 2005, through on or about August 1, 2005, defendants RALSKY and BRADLEY directed and paid defendants JUDY M. DEVENOW and JAMES E. BRAGG to conduct several unlawful spam e-mail campaigns using proxy computers to send the spam.  The unlawful spam e-mail campaigns advertised a number of stocks, including those having the ticker symbols of CWTD, PGCN, and CDGT.

53.     On numerous occasions from on or about March 1, 2005, through on or about August 1, 2005, defendants RALSKY, BRADLEY, DEVENOW, BOWN, and BRAGG

16

communicated with one another repeatedly via electronic mail, instant message, and other methods of communication about their use of proxies, which they also referred to as "p's," "p s," "proximate," and "peas," as well as their need to find sources for more proxies to use in connection with their spamming operation.

54.    On or about June 30, 2005, defendant RALSKY communicated with defendant DEVENOW via e-mail about their daily use of proxies in connection with their sending stock-related spam regarding the following ticker symbols:  CDGT, CWTD and PGCN.

55.    On or about July 11, 2005, defendant BRADLEY and defendant BRAGG communicated via e-mail about their purchase of proxies from a source in the Ukraine.

56.    From on or about July 11, 2005, through on or about July 13, 2005, the defendants purchased daily proxy supplies for use in their stock-spamming operation.

57.    On or about June 28, 2005, defendant BRADLEY communicated with defendant BRAGG via e-mail about purchasing a bulk e-mail software program that allowed the defendants to locate open proxy computers on the Internet and send spam through proxies.  The defendants purchased this proxy mailing software program and used it to send spam through proxies.

58.    The defendants relayed or retransmitted unlawful spam e-mail through protected computers in order to deceive or mislead recipients, as set out in Count 6, which is alleged as an overt act in furtherance of this conspiracy.

*Spamming with Materially False E-mail Headers*

59.    In or about June 2004, defendants RALSKY, DEVENOW, and BRADLEY directed NETWORK ADMINISTRATOR 1 to set up a facility that would allow the defendants to send a high volume of unlawful spam e-mail using various bulk e-mail software programs.

60.    Defendants RALSKY, BRADLEY, and DEVENOW acquired a software program for sending unlawful spam e-mails in furtherance of the conspiracy.  The defendants used this program to falsify and randomize the "header" information that appeared in the spam.

61.    In using bulk e-mail software programs to transmit unlawful spam e-mails, defendant DEVENOW typically used common names as aliases to appear in the "from" line in the headers of the e-mails that were sent in furtherance of the conspiracy.

62.    From on or about June 1, 2004, through on or about August 31, 2004, and also from on or about May 1, 2005, through on or about July 31, 2005, acting on behalf of, and in conjunction with, the defendants, NETWORK ADMINISTRATOR 1 utilized spamming software to send millions of spam e-mails each day.

63.    In or about June and July 2005, MAILER 1 and MAILER 2, acting on behalf of the defendants, utilized another spam software program to send stock-related spam on behalf of the defendants.  This program allowed the conspirators to insert falsified information into the headers of spam e-mails sent in furtherance of the conspiracy.

64.    On or about June 27, 2005, defendant BRADLEY communicated with SEVERA by online chat, and defendant SEVERA stated he could get 20 million e-mails a day into "AOL" or "hotmail."  Defendant SEVERA agreed to send spam on behalf of the defendants touting stock ticker symbols CTWD and PGCN.  When defendant BRADLEY told defendant SEVERA to contact his "business partner," ALAN RALSKY, defendant SEVERA responded: "King of Spam want to rent me.  Cool."

18

65.     On or about July 11, 2005, defendant BRADLEY communicated with defendant SEVERA by online chat and told him to send spam e-mail messages regarding PGCN that contained a stock alert referencing "Internet IPO!!!!!Monday 7/12/05".

66.     On or about July 21, 2005, defendant BRADLEY communicated with defendant SEVERA by online chat and sent defendant SEVERA sample text of stock advertisements. Defendant BRADLEY told SEVERA to make up and add advertising content to the advertisements contained in the spam.

67.     On or about August 26, 2005, defendant BRADLEY communicated with defendant SEVERA by online chat, and defendant SEVERA stated that he would like to send the stock spam e-mail messages without any disclaimers.

68.     On or about August 29, 2005, defendant SEVERA told defendant BRADLEY, "I mail both html, with hide randomization . . . " In the context of unlawful spamming, the term "randomization" often means the creation of randomly generated false names and e-mail addresses that are inserted in spam e-mail messages.

69.     From beginning on or about June 29, 2005, through on or about August 22, 2005, defendant SEVERA received hundreds of thousands of dollars from defendant RALKSY as payments for his regular spamming activities, primarily spamming messages that touted stocks with the following ticker symbols:  PGCN, CWTD, CDGT, as well as SWIS, VAIG, MIDX, WWBP, MWIS, CGKY, MIDX, CHMS, PPKI, AXCP.

70.     The defendants sent unlawful spam e-mail with materially false headers, as set out in Count 7, which is alleged as an overt act in furtherance of this conspiracy.

*Scheme to Defraud by Wire and Mail*

71.     Between on or about February 1, 2005, and on or about December 1, 2005, defendants RALSKY, BRADLEY, DEVENOW, HUI, and TRIBBLE devised a scheme or artifice to defraud for the purpose of obtaining money by means of false and fraudulent pretenses, representations and promises.  In particular, the defendants arranged to promote the sale of several stocks, including PGCN, WWBP, CHMS, CWTD and CDGT, through the use of unlawful spam e-mails that contained false e-mail headers and that used proxies, disguised their true origins to prevent recipients from detecting and blocking them as spam e-mails, and in some cases contained false and misleading information, in order to create demand for these stocks, increase their price, and allow the defendants to make profits by selling shares in these stocks at inflated prices.

72.     To execute this scheme, defendants RALSKY, BRADLEY, DEVENOW, HUI, and TRIBBLE caused items to be delivered both by United States mail and by private or commercial interstate carrier, and transmitted, and caused to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice, in violation of 18 U.S.C. §§ 1341 and 1343.

73.     The offenses charged in Counts 6 through 25 were within the scope of the conspiracy and were committed by the conspirators in furtherance of the conspiracy, as each conspirator could reasonably foresee.  These offenses are alleged and incorporated into this count as overt acts.

74.     All in violation of Title 18, United States Code, Section 371.

## COUNT 6
### (18 U.S.C. §§ 1037(a)(2), 1037(b)(2)(C), and 2 – FRAUD AND RELATED ACTIVITY IN CONNECTION WITH ELECTRONIC MAIL; AIDING AND ABETTING)

D-1    ALAN M. RALSKY
D-2    SCOTT K. BRADLEY
D-3    JUDY M. DEVENOW
D-4    JOHN S. BOWN
D-7    JAMES E. BRAGG
D-8    JAMES E. FITE
D-9    PETER SEVERA

75.    The General Allegations and paragraphs 1 through 27 and 50 through 58 of this Indictment are re-alleged as if stated fully here.

76.    Between on or about January 1, 2004, and on or about September 1, 2005, within the Eastern District of Michigan and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JUDY M. DEVENOW, JOHN S. BOWN, JAMES E. BRAGG, JAMES E. FITE, PETER SEVERA, and others known and unknown to the Grand Jury, while aiding and abetting each other in the same, did, in and affecting interstate and foreign commerce, knowingly use, and cause others to use, protected computers to relay or retransmit multiple commercial electronic mail messages, with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, and the volume of electronic mail messages transmitted in furtherance of the offense exceeded more than 250,000 during any one-year period, in violation of Title 18 United States Code, Section 1037(a)(2), (b)(2)(C) and Title 18, United States Code, Section 2.

## COUNT 7
## (18 U.S.C. §§ 1037(a)(3), 1037(b)(2)(C), and 2 – FRAUD AND RELATED ACTIVITY IN CONNECTION WITH ELECTRONIC MAIL; AIDING AND ABETTING)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-3     JUDY M. DEVENOW
D-4     JOHN S. BOWN
D-7     JAMES E. BRAGG
D-8     JAMES E. FITE
D-9     PETER SEVERA

77.     The General Allegations and paragraphs 1 through 27, and paragraphs 59 through 70 of this Indictment are re-alleged as if stated fully here.

78.     Between on or about January 1, 2004 and through on or about September 1, 2005, within the Eastern District of Michigan, and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JUDY M. DEVENOW, JOHN S. BOWN, JAMES E. BRAGG, JAMES E. FITE, PETER SEVERA, and others known and unknown to the Grand Jury, while aiding and abetting each other in the same, did, in and affecting interstate and foreign commerce, knowingly materially falsify and cause others to materially falsify header information in multiple commercial electronic mail messages and intentionally initiate the transmission of such messages; and the volume of electronic mail messages transmitted in furtherance of the offense exceeded more than 250,000 during any one-year period, in violation of Title 18 United States Code, Section 1037(a)(3), (b)(2)(C), and Title 18, United States Code, Section 2.

## COUNTS 8 THROUGH 11
## (18 U.S.C. §§ 1341 and 2 – MAIL FRAUD; AIDING AND ABETTING)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-10    JOHN HUI
D-11    FRANCIS A. ("FRANKIE") TRIBBLE

22

79.     The General Allegations and paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

80.     On or about the dates listed below, within the Eastern District of Michigan and elsewhere, the named defendants, and others known and unknown to the Grand Jury, while aiding and abetting each other in the same, having devised a scheme and artifice to defraud and to obtain money and property by means of false or fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme, did cause to be delivered by the United States Postal Service and by private or commercial interstate carrier, the matters and items described below.

81.     The scheme or artifice to defraud is described above in paragraphs 71 and 72 which are realleged herein.

82.     The named defendant(s) intended each of the mailings in these counts to further the execution of the scheme.

| Count | Defendant(s) | Date | Mailed Item | Interstate carrier |
|---|---|---|---|---|
| 8 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | May 3, 2005 | Letter to How Wai John Hui containing new account information from Gilford Securities. | U.S. Mail |
| 9 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | May 19, 2005 | Florida Atlantic Stock Transfer Sheet reissuing 250,000 shares of PGCN stock from How Wai John Hui to Cede & Co. | Federal Express |
| 10 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | June 9, 2005 | Letter to Geng Zhong Wang containing new account information from Gilford Securities. | U.S. Mail |

| 11 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | July 5, 2005 | Florida Atlantic Stock Transfer Sheet reissuing 250,000 shares of PGCN stock from Chi Ming Chan, 85,000 shares of PGCN stock from Yaru Li, and 215,000 shares of PGCN stock from Yaru Li to Cede & Co. | Federal Express |

83.    All in violation of Title 18, United States Code, Section 1341, and Title 18, United States Code, Section 2.

**COUNTS 12 THROUGH 25**
**(18 U.S.C. §§ 1343 and 2 – WIRE FRAUD; AIDING AND ABETTING)**

D-1    ALAN M. RALSKY
D-2    SCOTT K. BRADLEY
D-10    JOHN HUI
D-11    FRANCIS A. ("FRANKIE") TRIBBLE

84.    The General Allegations and paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

85.    On or about the dates listed below, within the Eastern District of Michigan and elsewhere, the named defendants, and others known and unknown to the Grand Jury, while aiding and abetting each other in the same, having devised a scheme and artifice to defraud and to obtain money and property by means of false or fraudulent pretenses, representations and promises by sending spam e-mail using various unlawful techniques designed to conceal the true identity and purpose of the senders, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds. The scheme to defraud is described above in paragraphs 71 and 72, which are realleged herein.

86.    Each of the wire transmissions in Counts 12 through 25 traveled in interstate and foreign commerce.

24

87.    Each of the wire transmissions in Counts 12 through 25 affected a financial institution.

88.    The named defendant(s) intended each of the wire transmissions in these counts to further the execution of the scheme.

| Count | Defendant(s) | Date | Wire Transmission | Purpose of Wire Transmission |
|---|---|---|---|---|
| 12 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/1/2005 | E-mail from Bradley to Hui | E-mail discussing payments related to PGCN and CWTD |
| 13 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/10/2005 | E-mail from Bradley to Hui | E-mail discussing payments related to PGCN and CDGT |
| 14 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/11/2005 | E-mail from Bradley to Hui | E-mail discussing payment for PGCN |
| 15 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/21/2005 | E-mail from Bradley to Hui | E-mail discussing payments for PGCN, CDGT, CWTD, CHMS |
| 16 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/25/2005 | E-mail from Bradley to Hui | E-mail discussing payment for PGCN |
| 17 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/25/2005 | E-mail from Bradley to Hui | E-mail discussing payment related to PGCN |
| 18 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 7/25/2005 | E-mail from Bradley to Hui | E-mail discussing payment related to PGCN |
| 19 | RALSKY (D-1) BRADLEY (D-2) HUI (D-10) TRIBBLE (D-11) | 8/5/2005 | E-mail from Bradley to Hui | E-mail discussing payment related to CWTD |

| 20 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | 8/4/2005 | E-mail from Bradley to Hui, Tribble and Ralsky | E-mail discussing payment related to CWTD |
| 21 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | 8/9/2005 | E-mail from Bradley to Hui and Tribble | E-mail discussing payment related to CWTD |
| 22 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | 8/9/2005 | E-mail from Bradley to Hui and Tribble | E-mail discussing payment related to CWTD |
| 24 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | 8/15/2005 | E-mail from Bradley to Hui and Tribble | E-mail discussing payment related to CWTD |
| 25 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | 8/16/2005 | E-mail from Bradley to Hui | E-mail discussing payment related to CWTD |

89.     All in violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

## COUNT 26
### (18 U.S.C. §§ 1956(h) and 1957 – CONSPIRACY TO ENGAGE IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-10    JOHN HUI
D-11    FRANCIS A. ("FRANKIE") TRIBBLE

90.     The General Allegations and paragraphs 1 through 27 of this Indictment are re-alleged as if stated fully here.

91.     From on or about May 1, 2005, to on or about December 1, 2005, defendants RALSKY, BRADLEY, HUI, TRIBBLE, and others known and unknown to the Grand Jury, did

26

knowingly, intentionally and unlawfully agree and conspire with each other to knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, in particular, defendants agreed with each other to cause twelve wire transfers of funds to be transmitted, totaling more than $2,695,996.00, to and through bank accounts controlled by defendants BRADLEY and HUI, which were derived from wire fraud in violation of 18 U.S.C. § 1343, and mail fraud in violation of 18 U.S.C. § 1341.

92.     The offenses charged in Counts 27 through 38 were within the scope of the conspiracy and were committed by the conspirators in furtherance of the conspiracy, as each conspirator could reasonably foresee.

## COUNTS 27 THROUGH 38
### (18 U.S.C. §§ 1957 and 2 – ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY)

D-1     ALAN M. RALSKY
D-2     SCOTT K. BRADLEY
D-10    JOHN HUI
D-11    FRANCIS A. ("FRANKIE") TRIBBLE

93.     The General Allegations and paragraphs 1 through 27 are incorporated into this count by reference.

94.     On or about the dates listed below, within the Eastern District of Michigan and elsewhere, the named defendants, and others known and unknown to the Grand Jury, while aiding and abetting each other in the same, did knowingly engage and attempt to engage in the following monetary transactions through a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal and transfer of U.S. funds, such property having been derived from a specified

27

unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343.

| Count | Defendant(s) | Date | Monetary Transaction |
|---|---|---|---|
| 27 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 5, 2005 | Transfer $180,826.61 from Hang Seng Bank Ltd., in Hong Kong, China, to Standard Federal Bank, in Troy, Michigan |
| 28 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 11, 2005 | Transfer $211,595.76 from Hang Seng Bank Ltd., in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 29 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 14, 2005 | Transfer $13,532.00 from Belgian Bank of Hong Kong, in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 30 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 22, 2005 | Transfer $788,295.98 from Hang Seng Bank Ltd., in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 31 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 26, 2005 | Transfer $65,590.71 from Hang Seng Bank Ltd., in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 32 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 27, 2005 | Transfer $424,963.73 from Hang Seng Bank Ltd., in Hong Kong, China  to Standard Federal Bank, in Troy, Michigan. |
| 33 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | July 27, 2005 | Transfer $23,702.00 from Bank of China (Hong Kong) Ltd., in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 34 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | August 5, 2005 | Transfer $13,954.26 from Industrial and Commercial Bank of China (Asia) Ltd., formerly Union Bank of HK Ltd., in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |

| 35 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | August 5, 2005 | Transfer $199,982.00 from Belgium Bank of Hong Kong, in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
|----|---|---|---|
| 36 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | August 11, 2005 | Transfer $159,918.05 from HSBC Hong Kong, in Hong Kong, China to Standard Federal Bank |
| 37 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | August 19, 2005 | Transfer $366,642.60 from HSBC Hong Kong, in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |
| 38 | RALSKY (D-1)<br>BRADLEY (D-2)<br>HUI (D-10)<br>TRIBBLE (D-11) | August 19, 2005 | Transfer $246,992.38 from HSBC Hong Kong, in Hong Kong, China to Standard Federal Bank, in Troy, Michigan. |

95.     All in violation of Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 2.

## COUNT 39
**(18 U.S.C. §§ 371, 1037(a)(1), (b)(2)(C), 1030(a)(5)(A)(i), (5)(B)(i), 1030(b) – CONSPIRACY: FRAUD IN CONNECTION WITH ELECTRONIC MAIL, FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS)**

D-1    ALAN M. RALSKY
D-2    SCOTT K. BRADLEY
D-4    JOHN S. BOWN

96.     The General Allegations and paragraphs 1 through 27 are incorporated into this count by reference.

97.     In or about July 2006, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants ALAN M. RALSKY, SCOTT K. BRADLEY, JOHN S. BOWN, and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, and agree with one another to:

29

a.      Knowingly access a protected computer without authorization, and intentionally initiate the transmission of multiple commercial electronic mail messages from or through such computer, in violation of Title 18, United States Code, Section 1037(a)(1), 1037(b)(2)(C);

b.      Knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization, to a protected computer, and cause loss during a one-year period aggregating at least $5,000 in value, in violation of 18 United States Code, Section 1030(a)(5)(A)(i), 1030(a)(5)(B)(i), and 1030(b).

## OBJECT OF THE CONSPIRACY

98.     The object of the unlawful spam e-mail conspiracy was to set up a "botnet" to be used to conduct an unlawful spam e-mail operation.  As stated above in paragraph 8, a "botnet" (derived from "ro**bot net**work") is a network of computers infected with malicious software that allows a third party to control the entire computer network without the knowledge or consent of the computer owners.  Each of the infected computers is referred to as a "bot."  A botnet can be used by spammers to send spam through the network of infected bot computers, using each of the infected computers to transmit the spam e-mail, in order to hide the true origin of the spam and helping the spammer to remain anonymous, and evade anti-spam filters and other blocking techniques.

## MANNER AND MEANS OF THE CONSPIRACY

99.     The conspirators accomplished the objects of the conspiracy through several manners and means, including but not limited to the following:

30

      a.      Communicating with each other via e-mail, instant messaging, and Internet relay chat in order to manage the unlawful spam e-mail operation;

      b.      Making arrangements to deploy servers to host a "bot network" of infected computers to send unlawful spam e-mails.

## OVERT ACTS

100.    In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, one or more of the defendants committed various overt acts, within the Eastern District of Michigan, and elsewhere, including the following:

### *Attempted Spamming through Botnets*

101.    On or about June 25, 2006, a posting was made to the "special ham" website forum, which was from "amr777," believed to be the user name for defendant ALAN M. RALSKY. The posting was entitled "Need C Programmer Familiar with Cluster Mailers." The posting stated that that writer was seeking a programmer who could create "a server daemon for windows that will serve as the installed bot" in connection with a "cluster mailer." A "cluster mailer" is a term to describe a program that uses multiple computers to distributively send bulk e-mail. A botnet can serve as a cluster mailer consisting of multiple computers used to send bulk e-mail.

102.    On or about July 20 and July 21, 2006, defendant RALSKY and defendant BOWN contacted NETWORK ADMINISTRATOR 2 via e-mail, instant messaging, and other methods of communications to get assistance in setting up and operating a customized "botnet," for the purpose of sending illegal spam e-mail.

103.   On or about July 20 and July 21, 2006, defendant BOWN communicated via the Internet with NETWORK ADMINISTRATOR 2 and stated that he, BOWN, already had several parts of a "customized" botnet mailer system in place, including the botnet software program. Defendant BOWN requested NETWORK ADMINISTRATOR 2 to acquire three servers to operate the defendants' botnet system "ASAP," and stated that he "need[ed] them up fast" and was willing to wire money to NETWORK ADMINISTRATOR 2 that same day to pay for such assistance.

104.   All in violation of Title 18, United States Code, Section 371.

**COUNT 40**
**(18 U.S.C. §1001 – FALSE STATEMENTS TO FEDERAL AGENTS)**

D-8   JAMES E. FITE

105.   The General Allegations and paragraphs 1 through 27 are incorporated into this count by reference.

106.   On February 1, 2005, in Los Angeles, California, defendant JAMES E. FITE knowingly and willfully made materially false, fictitious and fraudulent statements and representations to Special Agents of the Federal Bureau of Investigation (FBI).

107.   Defendant FITE agreed to be interviewed in connection with the FBI's investigation in the Eastern District of Michigan of alleged Title 18, U.S.C. Section 1037, violations committed by defendants RALKSY, BRADLEY, et al, and, in particular, defendant FITE's role with such activities.

108.   Defendant FITE falsely stated that he had limited e-mail exchanges with defendants BRADLEY and RALSKY, when, in fact, defendant FITE had exchanged over 100 e-

mails with defendants BRADLEY and RALSKY during the course of the conspiracy charged in Count 5.

109.    Defendant FITE falsely stated that he did not send or hire anyone to send e-mails with stock or investment type information provided by defendant BRADLEY. In fact, defendant FITE arranged for others send e-mails advertising stock on behalf of defendants BRADLEY and RALSKY.

110.    The federal agents were then investigating the violations of federal criminal law relating to this matter, and JAMES E. FITE intended to affirmatively mislead the FBI investigation then being conducted in the Eastern District of Michigan.

111.    All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 41**
**(18 U.S.C. §§ 1037(c), 981(a)(1)(C), 982(a)(1) and (2)(A) and (B), 28 U.S.C. §2461 –**
**CRIMINAL FORFEITURE)**

D-1    ALAN M. RALSKY
D-2    SCOTT K. BRADLEY
D-3    JUDY M. DEVENOW
D-4    JOHN S. BOWN
D-5    WILLIAM C. NEIL
D-6    ANKI K. NEIL
D-7    JAMES E. BRAGG
D-8    JAMES E. FITE
D-9    PETER SEVERA
D-10   JOHN HUI
D-11   FRANCIS A. ("FRANKIE") TRIBBLE

112.    The General Allegations and paragraphs 1 through 111 are incorporated into this count by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 United

States Code, Sections 1037(c), 981(a)(1)(C), 982(a)(1) and (2)(A) and (B) and Title 28,  United States Code, Section 2461.

113.    Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and/or 982(a)(1), and Title 28, United States Code, Section 2461, defendants ALAN M. RALSKY (D-1), SCOTT K. BRADLEY (D-2), HOW WAI JOHN HUI (D-10), and FRANCIS A. ("FRANKIE") TRIBBLE (D-11), if convicted of one or more of the offenses alleged in Counts 26 through 38, shall forfeit to the United States all property, real or personal, or any property traceable thereto, involved in the violations, or constituting proceeds or property traceable thereto of the violations, or conspiracy to commit such violations, including the following:

## BANK ACCOUNTS

a.    Charter One account number xxxxxx-881-9 in the name of Superior Distributing;

b.    Charter One account number xxxxxx-064-2 in the name of Alan Ralsky;

c.    Charter One account number xxxxxx8659 in the name(s) of Alan and Irmengard Ralsky;

d.    Charter One account number xxxxxx18633 in the name of CMZ;

e.    Comerica account number xxxxxx175-9 in the name(s) of Scott or Diana Bradley;

f.    Comerica account number xxxxxx98-04 in the name(s) of Scott or Diana Bradley;

g.    Comerica account number xxxxxx4041 in the name(s) of Scott or Diana Bradley;

h.    LaSalle Bank account number xxxxxx8311 in the name of Irmengard Ralsky;

i.    LaSalle Bank account number xxxxxx6541 in the name of Irmengard Ralsky;

## LIFE INSURANCE POLICY

j.    John Hancock Life Insurance Co.policy number xxxxxx1297 in the name of Alan Ralsky;

34

## BROKERAGE ACCOUNTS

k.    Morgan Stanley/Dean Witter account number xxxxxx9-010 in the name of Irmengard Ralsky;

l.    Morgan Stanley/Dean Witter account number xxxxxx3399 in the name of Irmengard Ralsky;

m.    Morgan Stanley/Dean Witter account number xxxxxx2042/xxxxxx5576 in the name of Diana Bradley;

n.    Morgan Stanley/Dean Witter account number xxxxxx7240/xxxxxx7240 in the name of the Diana Bradley Family Trust;

o.    Morgan Stanley/Dean Witter account number xxxxxx3684 in the name of Diana Bradley;

p.    Morgan Stanley/Dean Witter account number xxxxxx5371 in the name(s) of Scott and Diana Bradley;

q.    Morgan Stanley/Dean Witter account number xxxxxx2036/xxxxxx5657 in the name of Scott Bradley;

r.    Morgan Stanley/Dean Witter account number xxxxxx2037/xxxxxx5658 in the name of Scott Bradley;

s.    Morgan Stanley/Dean Witter account number xxxxxx2043 in the name of Diana M. Bradley;

t.    Morgan Stanley/Dean Witter account number xxxxxx1375 in the name of Scott Bradley;

u.    Morgan Stanley/Dean Witter account number xxxxxx2043 in the name of Diana M. Bradley;

v.    Union Bank of California account number xxxxxx1615 in the name(s) of CRI Strategies and Francis Tribble

114.    Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and (B), Title 28, United States Code, Section 2461, defendants ALAN M. RALSKY (D-1), SCOTT K. BRADLEY (D-2), JUDY M. DEVENOW (D-3), JOHN S. BOWN (D-4), WILLIAM C.

NEIL (D-5), JAMES E. BRAGG (D-7), JAMES E. FITE (D-8), PETER SEVERA (D-9), JOHN HUI (D-10), FRANCIS A. ("FRANKIE") TRIBBLE (D-11), if convicted of Counts 5 and 8 through 25, shall forfeit to the United States, all property, real or personal, which constitutes or is derived from proceeds traceable to the violations, including the following:

## BANK ACCOUNTS

a.   Charter One account number xxxxxx-881-9 in the name of Superior Distributing;

b.   Charter One account number xxxxxx-064-2 in the name of Alan Ralsky;

c.   Charter One account number xxxxxx8659 in the name(s) of Alan and Irmengard Ralsky;

d.   Charter One account number xxxxxx18633 in the name of CMZ;

e.   Comerica account number xxxxxx175-9 in the name(s) of Scott or Diana Bradley;

f.   Comerica account number xxxxxx98-04 in the name(s) of Scott or Diana Bradley;

g.   Comerica account number xxxxxx4041 in the name(s) of Scott or Diana Bradley;

h.   LaSalle Bank account number xxxxxx8311 in the name of Irmengard Ralsky;

i.   LaSalle Bank account number xxxxxx6541 in the name of Irmengard Ralsky;

j.   LaSalle Bank account number xxxxxx6877 in the name of Judy Devenow;

## LIFE INSURANCE POLICY

k.   John Hancock Life Insurance Co.policy number xxxxxx1297 in the name of Alan Ralsky;

## BROKERAGE ACCOUNTS

l.   Morgan Stanley/Dean Witter account number xxxxxx3732 in the name of Judy Devenow;

m.   Morgan Stanley/Dean Witter account number xxxxxx9-010 in the name of Irmengard Ralsky;

n.  Morgan Stanly/Dean Witter account number xxxxxx3399 in the name of Irmengard Ralsky;

o.  Morgan Stanley/Dean Witter account number xxxxxx2042/xxxxxx5576 in the name of Diana Bradley;

p.  Morgan Stanley/Dean Witter account number xxxxxx7240/xxxxxx7240 in the name of the Diana Bradley Family Trust;

q.  Morgan Stanley/Dean Witter account number xxxxxx3684 in the name of Diana Bradley;

r.  Morgan Stanley/Dean Witter account number xxxxxx5371 in the name(s) of Scott and Diana Bradley;

s.  Morgan Stanley/Dean Witter account number xxxxxx2036/xxxxxx5657 in the name of Scott Bradley;

t.  Morgan Stanley/Dean Witter account number xxxxxx2037/xxxxxx5658 in the name of Scott Bradley;

u.  Morgan Stanley/Dean Witter account number xxxxxx2043 in the name of Diana M. Bradley;

v.  Morgan Stanley/Dean Witter account number xxxxxx1375 in the name of Scott Bradley;

w.  Morgan Stanley/Dean Witter account number xxxxxx2043 in the name of Diana M. Bradley;

x.  Morgan Stanley/Dean Witter account number xxxxx6928 in the name of Judy Devenow;

y.  Morgan Stanley/Dean Witter account number xxxxxx3732 in the name of Judy Devenow; and

z.  Union Bank of California account number xxxxxx1615 in the name(s) of CRI Strategies and Francis Tribble

## **REAL PROPERTY**

aa.  The real property located at 6747 Minnow Pond Drive, Township of West Bloomfield, Oakland County, Michigan more particularly described as:

Lot(s) 65 "Bloomfield Pines Subdivision No. 2" according to the plat
thereof, as recorded in Liber 263, of plats Pages 17 through 21 inclusive,
Oakland County Records.
Re: 6747 Minnow Pond Drive
Tax Item No. xxxxxx7-002

bb.    The real property located at 6237 Branford, Township of West Bloomfield,
Oakland County, Michigan more particularly described as:

Lot 121 "Wyndham Pointe Subdivision No. 3", as recorded in Liber 269,
Page(s) 25 through 30, Inclusive, of Plats, Oakland County Records.
Common Address: 6237 Branford Drive
Tax ID: xxxxxx26-026

115.    Pursuant to Title 18, United States Code, Section 1037(c), all defendants shall

forfeit to the United States any equipment, software, or other technology used or intended to be

used to commit or to facilitate the commission of an offense under Section 1037.

116.    Such property includes, but is not limited to, **$2,695,996.00** in United States

currency and all traceable interest and proceeds for which the defendants are jointly and

severally liable.  Such sum in aggregate is property representing the proceeds of the

aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title

18, United States Code, Sections 1030, 1037, 1343, 1341,1956(h) and/or 1957.

117.    If, as a result of any act or omission by the defendants any of the foregoing money

and property (a) cannot be located by the exercise of due diligence; (b) has been transferred, sold

to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d)

has been substantially diminished in value; or (e) has been commingled with other property that

cannot be subdivided without difficulty, then any other property or interests of the defendants, up

to the value of the money and property described in the preceding paragraph of this Indictment,

shall be subject to forfeiture to the United States.

THIS IS A TRUE BILL.


___s/Grand Jury Foreperson_____
GRAND JURY FOREPERSON
Dated:

STEPHEN J. MURPHY
UNITED STATES ATTORNEY


s/Sheldon Light_____          s/ Terrence Berg_____
SHELDON N. LIGHT                        TERRENCE BERG
Assistant United States Attorney        Assistant United States Attorney


s/Thomas Dukes_____           s/ Mona S. Spivack_____
THOMAS DUKES                            MONA S. SPIVACK
Trial Attorney                          Trial Attorney
U.S. Department of Justice              U.S. Department of Justice
Computer Crime and Intellectual         Computer Crime and Intellectual
     Property Section                        Property Section

Dated:        DEC 1 3 2007

# Criminal Case C

**United States District Court**
**Eastern District of Michigan**

Case: 2:07-cr-20627
Judge: Battani, Marianne O
Referral MJ: Whalen, R. Steven
Filed: 12-14-2007 At 10:04 AM
INDI USA V. SEALED MATTER (DA)

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to con

| Companion Case Information | Companion Case Numbers: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| Yes          No | AUSA's Initials: TB |

**Case Title:** USA v. Alan M. Ralsky et., al.

**County where offense occurred :**  Oakland County

**Check One:**          **X Felony**          ☐ **Misdemeanor**          ☐ **Petty**

X     Indictment___ /Information__X__ **no** prior complaint.
☐    Indictment___ /Information____ based upon prior complaint [Case number: _____]
☐    Indictment___ /Information____ based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No:** _____  **Judge:** _____

☐    Original case was terminated; no additional charges or defendants.
☐    Corrects errors; no additional charges or defendants.
☐    Involves, for plea purposes, different charges or adds counts.
☐    Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                                        **Charges**

12/13/07
Date

Terrence G. Berg
Assistant United States Attorney

phone number
313-226-9160

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same of related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.