**25**

**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUN 22 2009
CLERK OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**UNITED STATES OF AMERICA**,

Plaintiff,

-vs-

**D-1 ALAN M. RALSKY**,

Defendant.

_____/

No. 2:07-cr-20627
Hon. Marianne O. Battani

**OFFENSES:**
**Count 5:** 18 U.S.C. §§ 371, 1037(a)(2)-(3), (b)(2)(C), 1341, 1343 (Conspiracy: Fraud in Connection with Electronic Mail, Mail Fraud, Wire Fraud)

**Count 6:** 18 U.S.C. §§ 1037(a)(2), (b)(2)(C), and 2 (Fraud in Connection with Electronic Mail; Aiding and Abetting)

**Count 13:** 18 U.S.C. §§ 1343 and 2 (Wire Fraud; Aiding and Abetting)

**Count 28:** 18 U.S.C. §§ 1957 and 2 (Money Laundering; Aiding and Abetting)

**MAXIMUM PENALTY:** 5 yrs on count 5; 3 yrs on count 6, 30 yrs on count 13; 10 years on count 28

**MAXIMUM FINE:** $ 1,000,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

ALAN M. RALSKY and the United States Attorney for the Eastern District of

Michigan ("U.S. Attorney" or "government") agree as follows:

1. **GUILTY PLEA**

   A. **Counts of Conviction**

Defendant will enter a plea of guilty to **Count 5,** which charges a violation

of 18 U.S.C. §§ 371, 1037(a)(2)-(3), (b)(2)(C), 1341, and 1343, **Count 6**, which charges a violation of 18 U.S.C. § 1037(a)(2), **Count 13**, which charges a violation of 18 U.S.C. §§ 1343 and 2, and **Count 28**, which charges a violation of 18 U.S.C. §§ 1957 and 2. Any other counts against the defendant in this case will be dismissed. The defendant acknowledges that the Court may consider these other counts and any other relevant conduct in determining the appropriate sentence.

B. **Elements of Offense**

The elements of the offense(s) that the government would need to prove beyond a reasonable doubt at trial are set forth below:

    i.    The elements of **Count 5,** which charges a violation of 18 U.S.C. §§ 371, 1037(a)(2), (3), (b)(2)(C), 1341, and 1343, are as follows:

    (1)    The defendant, with one or more persons, did knowingly and intentionally conspire to commit the following offenses:

    (a)    18 U.S.C. § 1037(a)(2) (bulk e-mailing using proxy computers), the elements of which are: the defendant, in or affecting interstate commerce, did knowingly (i) use a protected computer to relay or

- 2 -

retransmit multiple commercial electronic mail messages, (ii) with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, and (iii) the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of 18 U.S.C. §§ 1037(a)(2), (b)(2)(C);

(b)    18 U.S.C. § 1037(a)(3) (bulk e-mailing using falsified headers), the elements of which are:  the defendant, in or affecting interstate commerce, did knowingly (i) materially falsify header information in multiple commercial electronic mail messages, (ii) intentionally initiate the transmission of such messages, and (iii) the volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of

- 3 -

18 U.S.C. §§ 1037(a)(3), (b)(2)(C);

(c)    18 U.S.C. § 1341, mail fraud, the elements of which are: (I) the defendant knowingly participated in a scheme to defraud in order to obtain money or property; (ii) the scheme included a material misrepresentation or the concealment of a material fact; (iii) the defendant had the intent to defraud; and (iv) the defendant used the mail or caused another to use the mail in furtherance of the scheme; and

(d)    18 U.S.C. § 1343, wire fraud, the elements of which are: (I) the defendant knowingly participated in a scheme to defraud in order to obtain money or property; (ii) the scheme included a material misrepresentation or concealment of a material fact; (iii) the defendant had the intent to defraud; and (iv) the defendant used or caused another to use wire communications in interstate commerce in furtherance of the scheme.

(2)   In furtherance of this unlawful conspiracy, RALSKY

- 4 -

committed an overt act, as further described in the Factual Basis of Guilty Plea set forth below in Paragraph 1C of this agreement.

ii.   The elements of **Count 6,** which charges a violation of 18 U.S.C. §§1037(a)(2), (b)(2)(C), are as follows:

(1)   The defendant, in or affecting interstate commerce, did knowingly (a) use a protected computer to relay or retransmit multiple commercial electronic mail messages, (b) with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, and

(2)   The volume of electronic mail messages transmitted in furtherance of the offense exceeded 2,500 during any 24-hour period, 25,000 during any 30-day period, or 250,000 during any 1-year period, in violation of 18 U.S.C. §§ 1037(a)(2), (b)(2)(C).

iii.   The elements of **Count 13**, which charges a violation of 18 U.S.C. §§ 1343 and 2, are as follows:

(1)   the defendant knowingly participated in a scheme to defraud in order to obtain money or property;

      (2)     the scheme included a material misrepresentation or

               concealment of a material fact;

      (3)     the defendant had the intent to defraud; and

      (4)    the defendant used or caused another to use wire

               communications in interstate commerce in furtherance

               of the scheme.

iv.    The elements of **Count 28**, which charges a violation of 18

      U.S.C. §§ 1957 and 2, are as follows:

      (1)     the defendant knowingly engaged in a monetary

               transaction;

      (2)     the monetary transaction was in property derived from

               specified unlawful activity, specifically wire fraud in

               violation of 18 U.S.C. § 1343 and mail fraud in violation

               of 18 U.S.C. §1341;

      (3)     the property had a value greater than $10,000;

      (4)     the defendant knew that the transaction was in

               criminally derived property;

      (5)     the monetary transaction took place within the United

               States.

C.    **Factual Basis for Guilty Plea**

The parties stipulate that the following facts are true and are a sufficient

and accurate basis for defendant's guilty plea:

From on or about May 2005 through on or about September 2005,

defendant ALAN M. RALSKY ("RALSKY" or "defendant") conspired and agreed

with Scott Bradley, Francis Tribble, Judy Devenow, How Wai John Hui, and

others to send unsolicited bulk commercial electronic mail ("spam"), sent spam

emails himself, and also managed other mailers who sent spam on behalf of the

conspiracy.  During this time frame, the defendant served as a supervisor/leader

in his role as the chief executive officer and primary deal maker for the spam

email operation.  He transmitted and caused others to transmit tens of millions of

spam emails that used false headers and that were sent via proxy mailing, in

order to disguise the true origin of the spam emails and prevent recipients and

Internet service providers from detecting and blocking them.  The term "proxy

mailing" means knowingly using protected computers to relay or retransmit the

messages with the intent to disguise their origin.  The term "false headers" means

knowingly and materially falsifying header information and intentionally initiating

the transmission of multiple commercial e-mail messages.  Many of the spam

emails promoted thinly traded stocks for Chinese companies, including those with

the ticker symbols CDGT, WWBP, CWTD, and PGCN, and contained materially

- 7 -

false and misleading information or omissions.  The defendant was aware that interstate wire communications, the U.S. mail, and common carriers were used to further the fraudulent scheme, which resulted in the defendant and others receiving payments and proceeds from the sale of stocks whose prices were inflated after being promoted by spam email sent in furtherance of the conspiracy.

On or about July 10, 2005, the defendant communicated via electronic mail with other co-defendants, including Scott Bradley, in which they discussed payment for spam that was sent promoting companies with the ticker symbols CDGT and PGCN.  On or about July 11, 2005, the defendant transferred or caused others to transfer $211,595.76 in proceeds derived from the fraudulent stock manipulation scheme from Hang Seng Bank, Ltd. in Hong Kong, to Standard Federal Bank in Michigan and in doing so, he knowingly engaged in a monetary transaction through a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value of greater than $10,000, that is the deposit, withdrawal or transfer of U.S. funds, such property having been derived from specified unlawful activity, that is wire fraud, in violation of 18 U.S.C. §1343 and mail fraud in violation of 18 U.S.C. §1341.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

**B.** **Agreed Guideline Range**

There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is **70-87 months**, as set forth on the attached worksheets.  If the Court finds:

      i.    that defendant's criminal history category is higher than reflected on the attached worksheets, or

      ii.    that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **70-87 months**, the higher guideline range becomes the agreed range.

**3.** **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

**A.** **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

- 9 -

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release of no less than 3 years on Count 5, Count 6, and Count 28, and no less than 5 years on Count 13.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of **$ 400** and must provide the government with a receipt for the payment before sentence is imposed.

D.    **Fine**

The parties agree that the fine will be no more than the maximum amount of $ 1,000,000.

E.    **Restitution**

Because the base offense level is determined using gain rather than loss, there is no restitution.

F.    **Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. §§ 1037(c) and 982(b), defendant agrees to forfeit his interest in ($ 500,000) ("Subject Currency"), which constitutes property, or property traceable to gross proceeds, obtained from

violations of Title 18, United States Code, Sections 1037(a), 1341, 1343, and 1957, as set forth in this Agreement.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Currency as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the Subject Currency, defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The forfeiture provisions set forth in this agreement will be superseded by the

entry of a subsequent preliminary order of forfeiture, in the amount of $500,000 or less, to be determined.   Any assets that are recovered pursuant to the asset forfeiture provisions set forth in this agreement will be credited toward any money judgment that may ultimately be obtained in the criminal action.

**4.    DEFENDANT'S OBLIGATIONS**

Defendant agrees to assist the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice in the investigation and prosecution of others involved in criminal activities, as specified below.

Defendant agrees to provide truthful and complete information pertaining to his and his co-defendants' conduct in this case to the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice and associated federal law enforcement personnel. In the event that any co-defendant in this case does not enter into a plea agreement with the government and chooses to go to trial, defendant will provide truthful and complete testimony as to that co-defendant before any grand jury and at any hearing and trial, as requested by the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice.

Defendant further agrees to be available for interviews in preparation of all such testimony. Defendant will notify the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice in advance if

defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, constitute a breach of this agreement. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

5.  **U.S. ATTORNEY'S AUTHORITY REGARDING SUBSTANTIAL ASSISTANCE**

   A.   <u>Substantial Assistance Determination</u>

It is exclusively within the U.S. Attorney's discretion to determine whether defendant has provided substantial assistance in the investigation or prosecution of others and has acted in good faith. Upon the U.S. Attorney's determination that defendant's cooperation amounts to substantial assistance, including but not limited to assistance that results in pleas being entered by other defendants, the U.S. Attorney will either recommend to the Court a sentencing range lower than that specified in paragraph 2, as provided in U.S.S.G. 5K1.1, or will move for a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. In either case, the sentence will be determined by the Court.

   B.   <u>Adjusted Sentence Recommendation</u>

The parties agree that if the U.S. Attorney determines that defendant has provided substantial assistance in the investigation and prosecution of others, the

U.S. Attorney will recommend that defendant be sentenced to a specific sentence within a range of **35-43** months. If the determination is made after sentencing, the U.S. Attorney will move pursuant to Rule 35, Fed. R. Crim. P., and will recommend the same sentence range as stated above. The Court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

### c.    Use of Information Against Defendant

In exchange for defendant's agreement to cooperate with the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice, as outlined above, the U.S. Attorney and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice agree not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the Court but may not be used against defendant in determining the sentence. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

If the court accepts this agreement, the United States Attorney's Office for the

- 14 -

Eastern District of Michigan and the Criminal Division of the U.S. Department of

Justice agree that they will not bring additional charges for conduct within the scope

of the Indictment or the worksheets attached to the Rule 11 Plea Agreement.

**6.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the

correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty

plea, if the Court decides to impose a sentence higher than the maximum allowed

by Paragraph 3. This is the only reason for which defendant may withdraw from this

agreement. The Court shall advise defendant that if he does not withdraw his guilty

plea under this circumstance, the Court may impose a sentence greater than the

maximum allowed by Paragraph 3.

**7.   RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of

this agreement, defendant waives any right he has to appeal his conviction or

sentence ~~if the sentence~~. If the sentence imposed is within the guideline range

determined by Paragraph 2B, the government agrees not to appeal the sentence,

but it retains its right to appeal any sentence below that range.

**8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered

- 15 -

pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.     **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Criminal Division of the U.S. Department of Justice.

10.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads

- 16 -

defendant, or any forfeiture claim against any property, by the United States or any

other party.

**11.   ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on _____. The government reserves

the right to modify or revoke this offer at any time before defendant pleads guilty.


TERRENCE BERG
UNITED STATES ATTORNEY


SHELDON LIGHT
CHIEF, ECONOMIC CRIMES UNIT
ASSISTANT UNITED STATES ATTORNEY


MONA SEDKY SPIVACK
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

THOMAS DUKES
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

DATE: 6/22/09


BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ)
THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO
ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION.
DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER
WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

DATE: 6/19/09                                    DATE: 6/19/09


STEVEN FISHMAN
ATTORNEY FOR DEFENDANT

ALAN M. RALSKY
DEFENDANT

- 17 -

# WORKSHEET A   (Offense Levels)

Defendant:   ___ALAN M. RALSKY___          Count(s):   ___5, 6, 13, and 28___

Docket No.:   _____          Statute(s):   _____

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a) | Base Offense Level | 7 |
| 2B1.1(b)(1)(H) | Between $400,000 and $1,000,000 | 14 |
| 2B1.1(b)(2)(A) | Greater than 10 victims/mass marketing | 2 |
| 2B1.1(b)(9)(C) | Sophisticated means | 2 |
| 2S1.1(b)(2)(A) | Convicted under 18 U.S.C. § 1957 | 1 |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(a) | Organizer/leader with 5 or more or extensive | 4 |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**30**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☑

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNTS _____   5, 6, 13, 28   [ 30 ]   [ 1 unit ]
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNTS _____   [ ]   [ unit ]
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNTS _____   [ ]   [ unit ]
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNTS _____   [ ]   [ unit ]
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**   [ 1 ]

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit → no increase | 2½-3 units → add 3 levels |
   | 1½ units → add 1 level | 3½ -5 units → add 4 levels |
   | 2 units → add 2 levels | >5 levels → add 5 levels |

   [ ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**   [ 30 ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**   [ 30 ]

   Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    May 2005

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):          3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):          2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):          1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 1995 | | Bank fraud | 1 day, 3yrs sup'd release | | 1 |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C, p. 2)**

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

_____    [ ]

**3.    COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence.  However enter, only 1 point for this item if 2 points were added under Item 2.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).)  List the date of release and identify the sentence from which it resulted.

_____    [ ]

**4.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.

_____    [ ]

_____

**5.    TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.          [ 1 ]

**6.    CRIMINAL HISTORY CATEGORY**



| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.**   (**COMBINED**) **ADJUSTED OFFENSE LEVEL**



Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**



**3.**   **TOTAL OFFENSE LEVEL**



Enter the difference between Items 1 and 2.

**4.**   **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.**   **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.  <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



b.  <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**



Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**



If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

_____

_____

(rev. 06/99)

## WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION  (U.S.S.G. ch. 5, pt. B)**

      a.   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

[✔]    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

      b.   Length of Term of Probation  (U.S.S.G. § 5B1.2)

[ ]    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]    2.   No more than 3 years (total offense level < 6).

      c.   Conditions of Probation  (U.S.S.G. § 5B1.3)

      The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[✔]    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

4.   **SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

   a.   <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

☑   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.   The statute of conviction requires a minimum term of supervised release of _____ months.

   c.   <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.   The court will determine whether restitution should be ordered and in what amount.

☐   2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐   3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐   4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☑   5.   Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6.   **FINE (U.S.S.G. § 5E1.2)**

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|:---:|:---:|
| **$ 12,500** | **$   1,000,000** |

7.   **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $   5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $____**400**_____.

8.   **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

9.   **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

(rev. 06/99)